{¶ 44} Respectfully, I dissent.
 {¶ 45} The complaint for foreclosure and marshaling of liens was filed by Clareshire on September 29, 2004, alleging unpaid association fees. After failed certified and ordinary mail upon Montilla, personal service was finally made on May 13, 2005. Service by certified mail upon defendant Third Federal Savings and Loan (the mortgage holder) was made on October 13, 2004.
 {¶ 46} Montilla filed an answer and counterclaim, and Third Federal filed an answer and cross-claim demanding payment of their note secured by a mortgage on the property. These pleadings were all amended several times; the final amended complaint, answers, counterclaim and cross-claim were all filed by the end of 2005.
 {¶ 47} On October 1, 2006, Montilla's attorney filed a suggestion of death, notifying the parties that Montilla had passed away on July 6, 2006. Counsel dutifully filed a motion pursuant to Civ. R. 25(A) to substitute the Estate of Julie M. Montilla for Julie M. Montilla, and this motion was granted by the court on January 16, 2007.
 {¶ 48} This matter was then heard by a foreclosure magistrate who awarded Clareshire the sum of $3,424.77 against Julie Montilla. The magistrate did not resolve any of Third Federal's claims for its mortgage, nor the Estate's counterclaim. Both the Estate and Third Federal filed objections to the Magistrate's report. The objections were overruled and the court ordered judgment against Julie Montilla in the amount of $3,424.77 plus 10% interest from August 15, 2005, and $193.78 per month *Page 14 
from the date of the lien forward. The court also ordered a decree of foreclosure in favor of Clareshire. While this entry contains the incantation "the court finds there is no just cause for delay," since no claims whatsoever were resolved by the trial court, there is no final appealable order for us to review.
 {¶ 49} Julie Montilla is not a party to this action; she was "substituted out" on January 16, 2007. The court's judgment entry did not resolve Clareshire's claim against the Estate, it did not resolve Third Federal's claim against the Estate, nor did it resolve the Estate's claim against Clareshire. Those being the only claims made in this lawsuit, I would hold that there is no final appealable order of any claim against any party, and this appeal should be dismissed. *Page 1